## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JUNJI NIWANO on behalf of himself and others similarly situated**, | **CIVIL ACTION FILE NO.:** |
| **Plaintiffs,** | _____ |
| **v.** | |
| **GLOBAL MANAGEMENT USA, INC., JS WORLD, LLC, JK PRIME HOUSE, LLC, JAESUNG KIM, JAE KYUNG SON, AND DONG C. SON**, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT

COMES NOW Plaintiff Junji Niwano ("Plaintiff"), by and through his

counsel, Brian Kim PC, and files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 207 and 216(b), to recover overtime wages owed to Plaintiff and all

similarly situated persons who are presently or were formerly employed by Global

Management USA, Inc., JS World, LLC, and JK Prime House, LLC, all

collectively doing business as Kiku Japanese Steak & Sushi, Kiku Japanese House,

and/or Sushi Kiku, (hereinafter referred to as "the Kiku Businesses") and JaeSung Kim, Jae Kyung Son, and Dong C. Son, the Kiku Businesses' owners.

2.

This action alleges that Defendants have paid a straight rate to Plaintiff and similarly situated employees who had similar job duties and pay provisions with Plaintiff. Plaintiff brings this action on behalf of himself and similarly situated employees in the United States who worked for Defendants but were not paid properly in accordance with the FLSA.

3.

During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiff and similarly situated Defendants' employees who opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## **PARTIES**

4.

Junji Niwano, the named Plaintiff in this action, ("Plaintiff") in an individual who resided in the Northern District of Georgia during all relevant times.

5.

According to the Kiku Businesses' webpage, the Kiku Businesses own and operate four restaurants in Georgia. The addresses of the four restaurants are 2270 Lenox Rd., Atlanta, GA 30324, 3630 Marketplace Blvd, East Point, GA 30344, 190 Pavilion Pkwy, Fayetteville, GA 30214, and 821 Dawsonville Hwy, Gainesville, GA 30501.

6.

Defendant JaeSung Kim, an individual, at all relevant times herein, who was Defendant JK Prime House, LLC's corporate officer with operation control of Defendant JK Prime House, LLC, can be served by delivering a copy of summons and complaint to him at 6035 Standard View Drive, Johns Creek, GA, 30097.

7.

Defendant Jae Kyung Son, an individual, at all relevant times herein, who was Defendant JS World, LLC's corporate officer with operational control of Defendant JS World, LLC, can be served by delivering a copy of summons and complaint to him at 2487 Shenley Park, Duluth, GA, 30097.

8.

Defendant Dong C. Son, an individual, at all relevant times herein, who was Defendant JS World, LLC's corporate officer with operational control of

Defendant JS World, LLC, who was Defendant Global Management USA, Inc.'s corporate officer with operational control of Defendant Global Management USA, INc., can be served by delivering a copy of summons and complaint to him at 2487 Shenley Park, Duluth, GA, 30097.

9.

Defendant Global Management USA, Inc., a Georgia for-profit corporation, can be served by delivering a copy of summons and complaint to its registered agent, Dong. C. Son, at 2725 Old Milton Pkwy Ste A, Alpharetta, GA, 30009.

10.

Defendant JS World, LLC, a Georgia limited liability company, can be served by delivering a copy of summons and complaint to its registered agent, Jae Kyung Son, at 2487 Shenley Park, Duluth, GA, 30097.

11.

Defendant JK Prime House, LLC, a Georgia limited liability company, can be served by delivering a copy of summons and complaint to its registered agent, JaeSung Kim, at 6035 Standard View Drive, Johns Creek, GA, 30097.

12.

Defendant Global Management USA, Inc. is and was at all times relevant to

this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

13.

Defendant JS World, LLC is and was at all times relevant to this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

14.

Defendant JK Prime House, LLC is and was at all times relevant to this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

15.

Defendant Dong C. Son is and was at all times relevant to this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

16.

Defendant JaeSung Kim is and was at all times relevant to this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

17.

Defendant Jae Kyung Son is and was at all times relevant to this action, "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

18.

Defendant Dong C. Son determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant Global Management USA, Inc. and Defendant JS World, LLC.

19.

Defendant JaeSung Kim determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant JK Prime House, LLC.

20.

Defendant Jae Kyung Son determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant JS World, LLC.

21.

Defendant Global Management USA, Inc. is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

22.

Defendant JS World, LLC is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

23.

Defendant JK Prime House, LLC is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

24.

Defendant Dong C. Son is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

25.

Defendant Jae Kyung Son is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

26.

Defendant JaeSung Kim is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

27.

Upon information and belief, Defendant Global Management USA, Inc's annual gross volume of sales or business is not less than $500,000.00.

28.

Upon information and belief, Defendant JS World, LLC's annual gross

volume of sales or business is not less than $500,000.00.

29.

Upon information and belief, Defendant JK Prime House, LLC's annual gross volume of sales or business is not less than $500,000.00.

30.

Defendant Global Management USA, Inc. is, and was at all times relevant to this action, an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

31.

Defendant JS World, LLC is, and was at all times relevant to this action, an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

32.

Defendant JK Prime House, LLC is, and was at all times relevant to this action, an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1), 206,

and 207.

33.

At all times relevant to this action, Defendant Global Management USA, Inc. oversaw and had the responsibility for maintaining employment records of Plaintiff.

34.

At all times relevant to this action, Defendant JS World, LLC oversaw and had the responsibility for maintaining employment records of Plaintiff.

35.

At all times relevant to this action, Defendant JK Prime House, LLC oversaw and had the responsibility for maintaining employment records of Plaintiff.

**Jurisdiction**

36.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

**Venue**

37.

Venue is proper in the Northern District of Georgia in that Defendants are residents of Georgia counties that are within this judicial District.

## Facts

38.

Plaintiff is a former employee of Defendants.

39.

In 2015, Plaintiff started his employment with Defendants Global Management USA, Inc. and Dong C. Son at a location at 2725 Old Milton Parkway, Ste. A, Alpharetta, GA 30009. Then in 2017, he was transferred to the Fayetteville location at 190 Pavilion Pkwy, Fayetteville, GA 30214. Plaintiff was constructively discharged on January 29, 2019.

40.

During relevant times hereto, Defendants JaeSung Kim, Jae Kyung Son, and Dong C. Son were Plaintiff's direct supervisors or they acted directly or indirectly in the interest of Plaintiff's Employers.

41.

Throughout Plaintiff's employment with Defendants, Plaintiff was employed as a cook or an assistant chef, and his primary duties included cooking and preparing food for customers.

42.

Plaintiff's primary duties did not require exercise of discretion and judgment.

43.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 *et seq*.

**Defendants' Compensation Scheme**

44.

Defendants established following compensation scheme in violation of the FLSA.

45.

From 2015 until November 2018, Plaintiff was paid $4,400.00 per month. From November 2018 until January 29, 2019, Plaintiff was paid $2,500.00 per month.

46.

Plaintiff was paid the same monthly rate regardless of the number of hours worked in any given week.

47.

While at the Alpharetta location, which was owned and operated by Defendants Global Management USA, Inc. and Dong C. Son, Plaintiff worked approximately 59 hours per week. While at the Fayetteville location, which was owned and operated by Defendants JS World, LLC, JK Prime House LLC, Dong C. Son, Jae Kyung Son, and JaeSung Kim, Plaintiff worked approximately 51 hours per week.

48.

The end result of this compensation scheme is that the Defendants paid Plaintiff a straight rate, not one and one-half times his regular rate for any hours worked over 40 hours in a given week.

49.

Throughout Plaintiff 's employment with Defendants, Plaintiff's compensation was intended to compensate forty (40) hours of work per week.

**Defendants' Payroll Reporting Scheme**

50.

Defendants established following payroll reporting scheme in violation of 26 U.S.C. § 7434.

51.

Each pay period, Defendants gave two checks to all of their workers, one check subject to payroll taxes, and one check not subject to payroll taxes.

52.

Defendants had no reason to give two checks per pay period other than reducing their obligation to pay Social Security and Medicare taxes.

## CLAIM FOR RELIEF

### Count I: Violation of FAIR LABOR STANDARD ACT (FLSA)

53.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of his complaint as if set forth fully herein.

54.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

55.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times his regular hourly rate of pay for his overtime work.

56.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a straight rate.

57.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA. As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of an amount to be determined at trial.

58.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

59.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff, jointly and severally, reasonable attorney's fees.

## Count II: Civil Damages for Fraudulent Filing of Information Returns (26 U.S.C. § 7434)

60.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of his complaint as if set forth fully herein.

61.

At all times material hereto, Plaintiff has been an employee of Defendants.

62.

Pursuant to 26 U.S.C § 3111, Defendants were required to pay 6.2 percent of the Plaintiff's wages to the United States for Old-Age, Survivors, and Disability Insurance (also known as Social Security Taxes) and 1.45 percent of the Plaintiff's wages for Hospital Insurance (also known as Medicare Taxes).

63.

Defendants violated 26 U.S.C. § 3111 because they failed to pay such Social Security and Medicare Taxes for all of Plaintiff's wages.

64.

When Defendants filed their Internal Revenue Service Form 941, Employer's Quarterly Federal Tax Returns, for the quarters ending March 30, 2015, June 30, 2015, September 30, 2015, December 31, 2015, March 30, 2016,

June 30, 2016, September 30, 2016, December 31, 2016, March 30, 2017, June 30, 2017, September 30, 2017, December 31, 2017, March 30, 2018, June 30, 2018, September 30, 2018, and December 31, 2018 they omitted or understated the amount of wages paid to Plaintiff.

65.

When Defendants filed their Internal Revenue Service Form W-2 for the years ending 2015, 2016, 2017 and 2018, they omitted or understated the amount of wages paid to Plaintiff.

66.

Defendants' omissions and/or understatements of Plaintiff's wages in their Form 941 and W-2 were false and fraudulent.

67.

Defendants' omissions and/or understatements of Plaintiff's wages was for their own wrongful enrichment.

68.

As a consequence of Defendants' willful filing of fraudulent tax information returns, Plaintiff is entitled to recover damages from Defendants up to and including any actual damages sustained, or in any event not less than $5,000.00 per

fraudulent filing, as well as costs of litigation and reasonable attorneys' fees, pursuant to 26 U.S.C. § 7434.

## Collective Action

### 69.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201 *et seq*. and specifically the collective action provision of the Act found at §216(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Defendants which has deprived the Plaintiff, as well as other similarly situated Defendants' employees, of their lawful wages.

### 70.

This case is brought on behalf of only those current and former employees who are now and were employed by any of the six Defendants as salaried kitchen managers, salaried assistant kitchen managers, salaried cook, salaried chef, salaried assistant cook, salaried assistant chef, who received straight rates, not one and one-half times their regular rates, and were requested to work over forty (40) hours in a work week. The similarly situated employees have uniformly been paid the straight time rate for hours worked over forty (40) in a work week under the same or similar compensation scheme. Plaintiff, and other similarly situated employees, typically worked greater than forty hours each week.

WHEREFORE, Plaintiff demands relief as follows:

1.  Instruct the Clerk of Court to issue the Summons that are attached herein;

2.  Judgment in favor of Plaintiff Junji Niwano against Defendants and an award of damages for unpaid wages under the FLSA in the amount to be determined;

3.  An award of liquidated damages under the FLSA in the amount to be determined;

4.  An award of damages under 26 U.S.C. § 7434 in the amount to be determined;

5.  An order finding that Defendants violated sections 215(a)(2) and 216(b) of the FLSA;

6.  Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

7.  Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorneys' fees;

8.  An order finding that Defendants violated 26 U.S.C. §3111;

9.  Judgment in favor of Plaintiff against Defendants, jointly and severally, pursuant to 26 U.S.C. § 7434;

10. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;

11. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

12. Grant certification and permit Plaintiff to proceed to trial as a collective action; AND

13. Such other, further and different relief as this Court deems appropriate.

This 27th day of February, 2019.

Brian Kim, PC

By: */s/ Brian G. Kim*
Brian G. Kim
Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@briankimpc.com